UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| ANTWAIN D'ANGELO VAUGHN | : | CASE NUMBER A15-62189-CRM |
| DEBTOR | : | |

### CHAPTER 13 TRUSTEE'S OBJECTION TO
### CONFIRMATION AND MOTION TO DISMISS CASE

COMES NOW, Nancy J. Whaley, the Standing Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

1.

Debtor's budget proposes to make monthly charitable contributions in the amount of $300.00. The Debtor should provide written evidence sufficient to establish a consistent pattern of contributing prior to the filing of the instant case. 11 U.S.C. Section 1325(b)(2)(A).

2.

The Chapter 13 Trustee requests proof of the post petition mortgage payments in order to determine feasibility of proposed plan pursuant to 11 U.S.C. 1325(a)(6).

3.

The Debtor proposes to pay child support direct. The Chapter 13 Trustee requests proof of post petition child support payments in order to determine feasibility of the plan. 11 U.S.C. Section 1325(a)(6).

4.

The Chapter 13 plan and schedules fail to disclose the name, address and telephone number of the agency facilitating the domestic support obligation under 11 U.S.C. Section 507. The Trustee is unable to comply with 11 U.S.C. Section 1302(d)(1).

5.

Due to a change in circumstances since filing, Schedules I and J do not correctly reflect the current financial situation, thereby preventing the Trustee from evaluating feasibility. 11 U.S.C. Section 1325(a)(6). (Debtor's non-filing spouse's veterans assistance benefit is now reduced to $483.00 per month.)

6.

The Chapter 13 plan proposes to pay $4,750.00 to the Debtor's attorney for payment of attorney fees. Due to the apparent lack of complexity of the case, the Trustee is unable to determine whether this is a reasonable fee and would request that Debtor's counsel appear at Confirmation and be prepared to present evidence to the Court regarding the reasonableness of the requested fee.

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtor's plan, and to dismiss the case.

Respectfully submitted,

/s/
Maria J. Kirtland, Attorney for Chapter 13 Trustee
GA Bar No. 118350
303 Peachtree Center Ave., NE
Suite 120
Atlanta, GA  30303
(678) 992-1201

*/mam*

**CERTIFICATE OF SERVICE**

Case No:  A15-62189-CRM

This is to certify that I have this day served the following with a copy of the foregoing Chapter 13 Trustee's Objection to Confirmation and Motion to Dismiss Case by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage thereon.

**Debtor(s):**
ANTWAIN D'ANGELO VAUGHN
7485 FERRARA DRIVE
LITHONIA, GA  30058

**By Consent of the parties,** the following have received an electronic copy of the foregoing Chapter 13 Trustee's Objection to Confirmation and Motion to Dismiss Case through the Court's Electronic Case Filing system.

**Attorney for the Debtor(s):**
C. GOLDEN & ASSOCIATES
goldenbkecfmail@gmail.com

This the 13th day of August, 2015.

/s/_____
   Maria J. Kirtland
   Attorney for the Chapter 13 Trustee
   State Bar No. 118350
   303 Peachtree Center Avenue, NE
   Suite 120
   Atlanta, GA 30303
   678-992-1201